————o————

STATE ex rel. GERARD B. ALLEN, Adm'r of R. M. RENICK, dec'd, Appellant, vs. THE COUNTY COURT OF ST. LOUIS Co., Respondent.

1. *County Court—Mandamus to compel to pay over to petitioner money collected for railroad taxes—Memorandum on records of County Court.*—It is the evident duty of a County Court, under the statute (Wagn. Stat. 305–6, § 19) to issue a certificate to the applicant therefor, who has paid a special tax levied and collected for railroad purposes. But this simple memorandum, viz: "Pd. before judg't, Jan'y 17th, '67," appearing in the columns of the tax books of a County, without any entry showing the amount paid, or on what lots, or by whom paid, is evidence too vague and indefinite to authorize *mandamus* compelling the Court to pay over a given sum to the petitioner for special taxes so levied and collected. And especially, where relator's petition and reply show the existence of better evidence in the records of the County Court, a peremptory writ should be refused.

*Appeal from St. Louis Circuit Court.*

*Pollock & Gottschalk*, for Relator.

*T. C. Reynolds, County Counsellor*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

It is the evident duty of a County Court under the provisions of Wagn. Stat., (305, § 19,) to issue a certificate to the per-

33—VOL. LIX.

son applying therefor, who has paid a special tax levied and collected for railroad purposes. But it is equally evident that upon issue joined as to whether such taxes have been paid, the *onus* of establishing the fact of payment lies on the party claiming to have paid it, and who consequently holds the affirmative. This is only the assertion of a legal truism, but sometimes a recurrence to the rudimentary principles seems absolutely necessary. If the records of St. Louis County contained the proof of payment referred to, it is truly remarkable that steps were not taken to make this fact appear, or at least to establish in some appropriate way that relator had paid the taxes, and had thus become entitled as he claimed. The brief memorandum of "Pd. before judg't, Jany, 17, '67" appearing in the columns of the tax books of St. Louis County, not showing what amount was paid, nor on what lots paid, nor by whom paid, is altogether too vague and indefinite to possess any probative value. But even if the memorandum were regarded as evidence, still the petition for the writ of mandamus and the reply of the relator, show that better evidence existed on the County Court records, for the production of which no effort whatever was made.

Under such circumstances, there was but one course left for the Circuit Court to pursue, and its judgment refusing the peremptory writ, is therefore affirmed ; all the judges concur.